UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,      : 16-cr-00045-MKB-1
                               :
    - versus -                 : U.S. Courthouse
                               : Brooklyn, New York
EASY RENT SYSTEMS, INC.,       :
            Defendant          : October 7, 2016
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government**:          **Robert L. Capers, Esq.**
                                 United States Attorney

                          BY:    **Tyler J. Smith, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York  11201



**For the Defendant**:           **Michael Tremonte, Esq.**
                                 **Noam Biale, Esq.**
                                 Sher Tremonte LLP
                                 80 Broad Street
                                 Suite 1301
                                 New York, NY 10004



**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, New York 11729
                                 laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

```
 1          THE CLERK:  Criminal Cause for a Pleading
 2   United States v. Easy Rent Systems, Inc., et al., case
 3   number 16-cr-45.
 4          Please state your appearances for the record.
 5          MR. SMITH:  Tyler Smith for the United States.
 6          Good morning, your Honor.
 7          THE COURT:  Good morning.
 8          MR. TREMONTE:  Michael Tremonte and Noam Biale
 9   for Mr. Hurant and for Easy Rent Systems.
10          Good morning, your Honor.
11          THE COURT:  Good morning.
12          MR. BIALE:  Good morning, your Honor.
13          THE CLERK:  Will the defendant please raise
14   your right hand.
15   J E F F R E Y  H U R A N T ,
16       called as a witness, having been first duly sworn,
17       was examined and testified as follows:  THE COURT:
18       All right.  So, we have -- how many defendants do we
19       have before us here today.
20          MR. SMITH:  Two, your Honor.
21          THE COURT:  Okay.  And can you identify who
22   they are?
23          MR. BIALE:  Yes, Mr. Hurant, individually is
24   one defendant and the second defendant is Easy Rent
25   Systems, Inc., corporate (indiscernible).
```

3

Proceedings

1           THE COURT:  And is Mr. Hurant going to be

2    allocuting on behalf of both entities?

3           MR. BIALE:  Yes, Mr. Hurant will be allocuting

4    on his own behalf and he will allocute on behalf of the

5    corporate entity, Easy Rent Systems, Inc.

6           THE COURT:  And is Mr. Hurant authorized to

7    allocute on behalf of Easy Rent?

8           MR. BIALE:  Yes, he is, your Honor.  He is the

9    sole representative of the company.  He is the owner of

10   the company, the founder of the company.  He controls the

11   company and there are no sort of competing voices that

12   could speak for the company.

13          THE COURT:  Is that satisfactory with the

14   government?

15          MR. SMITH:  Yes, your Honor.

16          THE COURT:  And Mr. Hurant -- is that true, Mr.

17   Hurant?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Okay.  So, you're going to be sworn

20   in in all of your capacities at this point.

21          THE DEFENDANT:  Yes.

22          THE COURT:  Okay.  So, you're now sworn under

23   oath.

24          THE DEFENDANT:  Okay.

25          THE COURT:  And your oath binds you both when

4

Proceedings

1    you're speaking on behalf of yourself individually and on

2    behalf of the corporate entity that you're representing.

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Okay.

5              THE DEFENDANT:  I understand.

6              THE COURT:  Are we -- we do have consents to

7    have a plea taken by a magistrate judge.  There are two

8    separate consents, one on behalf of Jeffrey Hurant and

9    one on behalf of Easy Rent Systems, Inc.  I see

10   signatures by all counsel and I see also signatures by

11   you, Mr. Hurant, above the signature line for defendant.

12             Is that correct?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  And you signed for both the

15   corporation and for yourself individually.

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  And before you did that, did you

18   discuss with your lawyers what it meant to consent to my

19   jurisdiction just for taking the plea and making a

20   recommendation?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Do you understand what you're

23   doing?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Do you have any questions?

5

Proceedings

1          THE DEFENDANT:  Not at this moment.

2          THE COURT:  Are you making this decision

3    voluntarily?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Also, I am going to ask you a lot

6    of questions here today.  If there's anything that you

7    don't understand, you have two lawyers next to you.  You

8    can choose either one or both to ask.  But you should

9    feel free to stop me at any point and ask to explain

10   anything you don't understand or to speak privately with

11   your lawyers if that's what you need to do.

12          You have to answer every one of my questions

13   honestly and completely.  If you don't do that, you could

14   be prosecuted for perjury.

15          Do you understand?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  What is your full name?

18          THE DEFENDANT:  Jeffrey Aiden (ph.) Hurant.

19          THE COURT:  And we've agreed just a minute ago

20   that we're going to do the plea allocutions in tandem.

21   So, I am going to ask you first individually and then I'm

22   going to ask you about the corporation.

23          What is the corporate entity that's involved

24   here?

25          THE DEFENDANT:  Easy Rent Systems, Inc.

6

Proceedings

1          THE COURT:  And what is your relationship to

2   Easy Rent Systems, Inc.?

3          THE DEFENDANT:  I'm the sole shareholder and

4   founder of that corporation.

5          THE COURT:  And you heard what Mr. Tremonte

6   said a moment ago, describing your role in the

7   corporation, correct?

8          THE DEFENDANT:  Correct.

9          THE COURT:  Was it accurate?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  All right.  So, that you are really

12   the sole officer representative, founder and person with

13   authority with respect to this corporation.

14          THE DEFENDANT:  Currently, the only person in

15   any way related to it left.

16          THE COURT:  Good.

17          How old are you?

18          THE DEFENDANT:  52 -- no, 51.

19          THE COURT:  How old is the corporation?

20          THE DEFENDANT:  Corporation was from 2001, I

21   believe.  So --

22          THE COURT:  Okay.  About 15 years?

23          THE DEFENDANT:  15 years.

24          THE COURT:  What schooling or education have

25   you had?

Proceedings

7

1        THE DEFENDANT:  My --

2        THE COURT:  What's the latest level of school
3   you finished?

4        THE DEFENDANT:  I graduated with a degree in
5   philosophy, undergrad at NYU.

6        THE COURT:  I'm not going to ask that question
7   for the corporation.  We'll assume it's literate.

8        THE COURT:  Are you now or have you recently
9   been under the care of a doctor or a psychiatrist?

10        THE DEFENDANT:  Yes, I have.

11        THE COURT:  In the past 24 hours, have you
12   taken any kind of medicine or pills?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Does any of that medication have an
15   affect on your ability to think, concentrate, understand
16   or be aware of what's happening here today?

17        THE DEFENDANT:  No, sir.

18        THE COURT:  Are you experiencing any side
19   effects at all from the medication?

20        THE DEFENDANT:  No, sir.

21        THE COURT:  Have you discussed the medication
22   with your attorneys?  Are they aware of what medication
23   it is?

24        MR. TREMONTE:  Can you give us a moment, your
25   Honor.

8

Proceedings

1  (Counsel and client confer)

2          THE DEFENDANT:  Yes, we discussed them.

3          THE COURT:  All right.  Would you like to say

4  at side-bar what that medication is?

5          MR. TREMONTE:  Yes, your Honor.  If you don't

6  mind we'll go off the record.

7  (Discussion held at side bar off the record.)

8          THE COURT:  In the past 24 hours, have you

9  taken any narcotic drugs or drunk any alcoholic

10  beverages?

11          THE DEFENDANT:  Yes, I have drank an alcoholic

12  beverage.

13          THE COURT:  Okay.  An alcoholic beverage?

14  Okay.  Do you feel any side effects from that beverage at

15  this time?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Have you ever been hospitalized or

18  treated for narcotic addiction or alcoholism?

19          THE DEFENDANT:  No, no, sir.

20          THE COURT:  Okay.  Have you ever been

21  hospitalized for a mental or emotional problem?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  Is your mind clear now?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you understand why you're here

9

Proceedings

1    and what's happening here today?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  All right.  I am going to ask your

4    attorneys a few questions and then come back to you

5    again.

6              Have you discussed this matter fully with your

7    client?

8              MR. TREMONTE:  Yes, your Honor.

9              THE COURT:  Is he capable of understanding the

10   nature of these proceedings?

11             MR. TREMONTE:  He is.

12             THE COURT:  Is he capable of representing the

13   corporation in these proceedings?

14             MR. TREMONTE:  He is.

15             THE COURT:  Does he understand the rights that

16   he would be waiving by pleading guilty both on his own

17   behalf and on behalf of the corporation?

18             MR. TREMONTE:  He does.

19             THE COURT:  Have you advised him of the

20   possible maximum and minimum sentence and fine and other

21   penalties that would be imposed or could be imposed

22   against him individually and against the corporation?

23             MR. TREMONTE:  I have.

24             THE COURT:  Have you discussed with him the

25   effect of sentencing guidelines?

10

Proceedings

1          MR. BIALE:  Yes, your Honor, we have.

2          THE COURT:  And have you advised him that

3    there's no guarantee of what his guidelines range will be

4    at this time, what the corporation's guidelines range

5    will be or what his or the corporation's sentence will

6    be?

7          MR. TREMONTE:  Yes.

8          THE COURT:  Have you advised him that if he's

9    not a citizen of the United States, he could be deported

10   as a result of the guilty plea?

11         MR. TREMONTE:  Give me just a moment, your

12   Honor.

13   (Counsel and client confer)

14         MR. TREMONTE:  Yes, your Honor.

15         THE COURT:  All right.  Do you think he

16   understood all of your discussions both on his own behalf

17   and on behalf of the corporation?

18         MR. TREMONTE:  I do.

19         THE COURT:  Do you agree with what your lawyer

20   just said?

21         THE DEFENDANT:  I do.

22         THE COURT:  And do you fully understand that

23   there's a difference between your role as representing

24   yourself and your role as representing the corporation?

25         THE DEFENDANT:  Yes, I do.

11

Proceedings

1          THE COURT:  And that the penalties that could

2    be imposed may be different for you from the penalties

3    that could be imposed for the corporation?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  And that the -- all right.  Well,

6    we'll stop there at this point.

7          Do you have any questions about any aspect of

8    the case involving you individually or the corporation?

9          THE DEFENDANT:  Not at this point, sir.

10          THE COURT:  Have you -- is there anything else

11   you would like to discuss with your attorneys at this

12   time?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Are you satisfied to have them

15   represent you?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  The next set of questions has to do

18   with your individual and corporate right to a trial and

19   I'm sure you've discussed these rights with your

20   attorneys but these are rights that you and the

21   corporation have and that you and the corporation will

22   give up as a result of pleading guilty.

23          Do you understand?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  So, do you understand that you and

12

Proceedings

1     the corporation have to plead not guilty?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And if you and the corporation

4     persist in the plea of not guilty, you and the

5     corporation would have a right under the Constitution and

6     laws of the United States to a speedy, public trial by

7     jury with the help of your lawyers on the charges

8     contained in the indictment.

9              Do you understand that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  And do you understand the charges

12    in the indictment?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  So, I think we should just go

15    through the indictment very briefly.  I'm going to ask

16    the government briefly to explain the charges in the

17    indictment and as it pertains to Jeffrey Hurant and Easy

18    Rent Systems, Inc.

19             MR. SMITH:  Count 1 of the indictment charges

20    promotion of prostitution in violation of the Travel Act.

21    Would you like me to read it, your Honor?

22             THE COURT:  Do you understand it fully or would

23    you like the government to read the allegations in the

24    indictment?

25             THE DEFENDANT:  I understand.

13

Proceedings

1          THE COURT:  Okay.  Do you want to just

2   summarize the charges?

3          MR. SMITH:  Sure.  Count 1 charges promotion of

4   prostitution in violation of the Travel Act.  Count 2

5   charges a money laundering conspiracy with respect to the

6   unlawful activity involving in the Trave Act violation

7   and Count 3 charges money laundering, also relating to

8   proceeds from the unlawful act of the Travel Act

9   violation.

10          THE COURT:  And it's your understanding that

11   the defendant -- the individual defendant will plead

12   guilty to Count 1.

13          Is that correct?

14          MR. SMITH:  That's correct.

15          THE COURT:  And the corporate defendant will

16   plead guilty to Count 2?

17          MR. SMITH:  Correct.

18          THE COURT:  All right.  And do you understand

19   in your capacity as representing the corporation, that a

20   conspiracy is an agreement between two or more people or

21   entities to do something illegal?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And the conspiracy alleged here is

24   a conspiracy to launder money.

25          THE DEFENDANT:  Yes, sir.

14

Proceedings

1          THE COURT:  Any questions about any of the

2  charges?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  And you've discussed them fully

5  with your attorneys.  You understand them both on your

6  behalf and on the part of the corporation, is that

7  correct?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Okay.  I am also going back to our

10  discussion of what your and the corporation's rights are.

11  With respect to these charges, if you or the corporation

12  cannot afford to retain attorneys or an attorney at any

13  point in the proceedings, the Court will appoint counsel

14  to advise and represent both you and the corporation at

15  all stages of the case, all the way through trial,

16  including an appeal if there's a conviction against

17  either you or the corporation.  This would all be at no

18  cost to you or the corporation.

19          Do you understand?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  At the trial, you and the

22  corporation would be presumed to be innocent.  The

23  government would have to overcome that presumption of

24  innocence and prove the guilt on each charge against both

25  you as an individual and against the corporation as

15

Proceedings

1   entity.

2          The proof would have to be by competent

3   evidence that a judge would assure -- would screen and

4   make sure is admissible at trial and you individually and

5   the corporation would not have to prove innocence.

6          Do you understand?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  That means that neither you nor the

9   corporation would have to present any evidence at all.

10  The burden is entirely on the government to prove beyond

11  a reasonable doubt your guilt and even if you or the

12  corporation did everything that the government has

13  accused you or the corporation of in the indictment, if

14  the jury is not convinced beyond a reasonable doubt, the

15  jurors would have a duty to find you not guilty on any of

16  those charges.

17         Do you understand?

18         THE DEFENDANT:  Yes, I do.

19         THE COURT:  Any questions so far?

20         THE DEFENDANT:  So far so good.

21         THE COURT:  Okay.  During your trial, the

22  government's witnesses would have to come to court.  They

23  would have to testify in your presence.  Your and the

24  corporation's attorney would have a right to cross-

25  examine the government's witnesses, to object to the

16

Proceedings

1  government's evidence, to offer evidence in your behalf

2  and to compel witnesses that you wish to call to appear

3  at trial.

4           Do you understand?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  And at the trial, there is a right

7  to testify on behalf of any defendant but you could not

8  be required to testify.

9           Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  You have a Fifth Amendment

12  privilege, the right to remain silent and not to

13  incriminate yourself.  I assume that extends to the

14  corporation.  To whatever extent it extends to the

15  corporation, you would be protected by it.

16          If you decided to go to trial and not to

17  testify,  the Court would instruct the jurors that they

18  couldn't hold that against you and assume guilt just

19  because there was no testimony in your defense.

20          Do you understand?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Now, if  you and the corporation do

23  plead guilty, and if the Court does accept those guilty

24  pleas, you and the corporation will be giving up your

25  constitutional rights to a trial and all the other rights

17

Proceedings

1   that have just been discussed.  There will be no trial of

2   any kind, no right to appeal from the judgment of guilty.

3   The Court will simply enter a judgment that you and the

4   corporation are guilty based on the statements being made

5   here today in court.

6               Do you understand?

7               THE DEFENDANT:  Yes, sir.

8               THE COURT:  In other words, you and the

9   corporation will not be able to take back those guilty

10  pleas.

11              Do you understand?

12              THE DEFENDANT:  Yes, sir.

13              MR. SMITH:  Your Honor, I don't know if you did

14  the right to present evidence and compel the attendance

15  of witnesses.

16              THE COURT:  I did.

17              MR. SMITH:  I'm sorry.

18              THE COURT:  But I will do it again, just to be

19  safe but thank you, I appreciate it, because it's so easy

20  to forget.

21              So, if I didn't ask you before, do you

22  understand that you have a right to present evidence in

23  your own defense and have witnesses to appear on your

24  behalf?

25              THE DEFENDANT:  In the option of taking court

18

Proceedings

1    -- of taking trial, yes.

2              THE COURT:  Yes.  If you go to trial, you'll

3    have the right to present evidence both on your behalf

4    and on behalf of the corporation and to compel witnesses

5    to testify on your behalf and on behalf of the

6    corporation.

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  So, do you understand that if you

9    and the corporation plead guilty, I am going to be asking

10   you questions that you would be answering on your behalf

11   and on the behalf of the corporation to determine whether

12   or not you and the corporation truly are guilty of the

13   charges that you and the corporation are pleading guilty

14   to.

15             You will have to answer, admit your guilt and

16   the corporation's guilt and in doing that, any Fifth

17   Amendment privilege that attaches will be waived.

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Do you understand?  Okay.  Any

20   questions about anything so far?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Are you willing to give up your

23   right and the corporation's right to a trial and the

24   other rights that I've just discussed?

25             THE DEFENDANT:  Yes, sir.

Transcriptions Plus II, Inc.

19

Proceedings

1      THE COURT:  We're going to move onto the plea

2   agreement.  There are two agreements here.  Agreement

3   number 1 is an agreement involving Easy Rent Systems,

4   Inc. and Agreement number 2, each marked as Court

5   Exhibits, is the plea agreement involving you

6   individually, Jeffrey Hurant.

7           So, I am turning to the last page of each

8   agreement before the appendix.  It's page 8.  And there

9   are signatures there.  I just want to be sure that you

10  signed each one of those agreements, did you?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And before you signed them, did you

13  have a chance to read them carefully and discuss them

14  with your lawyers?

15          THE DEFENDANT:  I read them carefully in

16  previous revisions.

17          MR. TREMONTE:  May we just have a moment?

18          THE COURT:  Sure.

19  (Counsel and client confer)

20          MR. TREMONTE:  Your Honor, just to clarify, the

21  last version of the plea agreement that Mr. Hurant read

22  is in all respects identical to the version that he

23  signed.  However, the dates were changed and he's been

24  apprised of that and I think if you put the question to

25  him or the questions to him again, you'll get a clear

20

Proceedings

1   answer.

2           THE COURT:  Do you want to ask the questions?

3           MR. TREMONTE:  Actually no, your Honor.  I'll

4   leave that to the Court.

5           THE COURT:  All right.  So, did you hear what

6   your lawyer just said?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  So do you understand that what --

9   and you did -- did you sign a plea agreement here

10  today --

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  -- on behalf of yourself

13  individually?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And on behalf of the corporation?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And is it your understanding that

18  the plea agreement that you signed on your behalf and the

19  plea agreement that you signed on behalf of the

20  corporation is identical to the last plea agreement that

21  you read involving both yourself individually and the

22  corporation?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  That the only difference would be

25  the plea dates.

21

Proceedings

1          Is that correct?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Mr. Smith, do you agree?

4          MR. SMITH:  Your Honor, I indicated that the

5   plea agreement that was previously sent on August 29th

6   differs from the plea agreement before the Court in two

7   respects.  In paragraph 2, on page 3, it changes the date

8   for acceptance of responsibility to October 7.  And in

9   paragraph 12, it changes -- and this was respect to Mr.

10  Hurant's plea agreement, not the corporation -- in

11  paragraph 12, it changes the dates to indicate that the

12  plea is pursuant to plea offers that were dated October

13  6th, which is when I provided them, on or before October

14  7th and is contingent upon acceptance of those pleas on

15  or before October 21st.  Those dates have changed.

16          There is no change with respect to the plea

17  agreement for Easy Rent Systems.

18          THE COURT:  Okay.  Is that correct?

19          MR. BIALE:  That's correct.

20          THE COURT:  Is that your understanding as well,

21  Mr. Hurant?

22          THE DEFENDANT:  That's my understanding.

23          THE COURT:  Okay.  Thank you for clarifying

24  that.

25          All right.  So, let's go through the Easy Rent

22

Proceedings

1    Systems' agreement first and then we'll go through the

2    Jeffrey Hurant agreement.

3              THE DEFENDANT:  Okay.

4              THE COURT:  All right.  So, paragraph 1 says

5    that Easy Rent Systems will plead guilty to Count 2 of

6    the indictment.  That's the money laundering conspiracy,

7    I believe.  And if it does so, there's a minimum term of

8    probation of one year and a maximum term of probation of

9    five years.

10             Do you understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  And the possible penalty is the

13   greater -- and we're talking about fine -- you know,

14   there's no C here, it's A, B and E.  Is that just a typo

15   or is there something missing?

16             MR. SMITH:  That's a typo, your Honor.

17             THE COURT:  Okay.  I'll give you this in a

18   moment to just change.

19             All right.  So, the maximum potential fine is

20   the greater of $500,000 or twice the property involved in

21   the transaction.

22             Do you understand that?

23             THE DEFENDANT:  I'm sorry, I didn't hear.

24             THE COURT:  The maximum possible fine for the

25   corporation is the greater of $500,000 or twice the

23

Proceedings

1   property involved in the transaction.

2            Have you discussed that with your lawyer?

3            THE DEFENDANT:  Yes, I have.

4            THE COURT:  Do you understand that provision?

5            THE DEFENDANT:  Yes, I do.

6            THE COURT:  There is a special assessment which

7   is a fee of $400 that has to be paid at the time of

8   sentencing.  And there's a penalty of criminal forfeiture

9   that's explained in paragraph 6 to 10.

10            Do you understand?

11            THE DEFENDANT:  Yes, I do.

12            THE COURT:  And do you want to follow along in

13   the agreements?  Do we need to go through the forfeiture

14   in paragraphs 6 through 10?

15            MR. SMITH:  I don't think so, your Honor,

16   unless the defendant would like to go through it.  I'm

17   satisfied that he understands it.

18            THE COURT:  You're satisfied.  Mr. Tremonte?

19            MR. TREMONTE:  That's fine with us, your Honor.

20            THE COURT:  Do you want me to go through

21   paragraph 6 through 10 or do you understand it?  You

22   fully understand the forfeiture provisions?

23            THE DEFENDANT:  Yes, I do.

24            THE COURT:  Okay.  All right.  Paragraph 2

25   talks about sentencing and there are a number of criteria

24

Proceedings

1    that go into sentencing.  As we discussed before, there's

2    no guarantee what your guidelines range will be or what

3    your sentence will be and I'm speaking -- when I say you,

4    I mean the corporation, Easy Rent Systems.

5            Do you understand that?

6            THE DEFENDANT:  Yes, I do.

7            THE COURT:  All right.  So, the guidelines --

8    the sentencing guidelines are just rules that help guide

9    the Court in deciding how to sentence you.  They are not

10   binding.  The Court will calculate the guidelines range

11   and then decide what the appropriate sentence is for Easy

12   Rent Systems.

13           In doing that, it will consider other factors

14   and I'm just going to read them as they appear in the

15   statute.  They include the circumstances of the offense,

16   the defendant's background, the defendant's respect for

17   the law, just punishment, deterrence, protecting the

18   public from further crimes and the defendant's need for

19   effective correctional treatment.

20           Do you understand that on behalf of the

21   corporation?

22           THE DEFENDANT:  Yes, I do.

23           THE COURT:  And do you understand that there's

24   no guarantee that the corporation will be sentenced

25   within the guidelines range and that if the corporation

25

Proceedings

1   is not sentenced within the guidelines range, it will not

2   be able to take back its guilty plea even if the sentence

3   is above the guidelines.

4           Do you understand that?

5           THE DEFENDANT:  Yes, I do.

6           THE COURT:  Any questions so far?

7           THE DEFENDANT:  No, sir.

8           THE COURT:  And those same factors will apply

9   when we talk about the individual defendant, Jeffrey

10  Hurant.

11          Okay.  So, I'm just going to the government

12  briefly to give its guidelines estimate or what it

13  believes the guidelines will provide for in this case.

14          MR. SMITH:  With respect to the corporation?

15          THE COURT:  With respect to the corporation.

16          MR. SMITH:  With respect to the corporation,

17  the government estimates that pursuant to the sentencing

18  guidelines Section 8c1.1, because the organization

19  operated primarily for criminal purpose, for primarily by

20  criminal means, the guidelines calls for a fine set at an

21  amount sufficient to divest the organization of all its

22  net assets.

23          THE COURT:  All right.  Anything the defense

24  would like to add?

25          MR. TREMONTE:  No, your Honor.  Thank you.

Proceedings

1          THE COURT:  Do you have any questions about

2   that estimate?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  All right.  And that is the

5   government's estimate.  Again, there's no guarantee what

6   the Court will do at this time.

7          Do you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Paragraph 4 says that the

10  defendant, Easy Rent Systems, agrees not to file an

11  appeal or otherwise challenge the conviction or sentence

12  in the event the Court imposes a probation of five years

13  or less and a fine of $10 million or less.

14          Do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Is there anything else in this

17  agreement that the government thinks should be placed on

18  the record with respect to Easy Rent Systems?

19          MR. SMITH:  I don't believe so, your Honor.

20          THE COURT:  The defendant?

21          MR. TREMONTE:  No, your Honor.

22          THE COURT:  Mr. Hurant, on behalf of the

23  corporation, do you have any questions about the plea

24  agreement or anything having to do with this case at this

25  point?

27

Proceedings

1            THE DEFENDANT:  No, sir.

2            THE COURT:  All right.  So, I am going to

3   proceed with the allocution with respect to Easy Rent

4   Systems.  I think it will be simpler and clearer for the

5   record to do that and we'll go back to the allegations

6   against Mr. Hurant.

7            MR. TREMONTE:  Your Honor, if we may just

8   confer for a moment.

9            THE COURT:  Sure.

10  (Counsel and client confer)

11           MR. TREMONTE:  Thank you, your Honor.

12           THE COURT:  Do you have any questions either

13  for me or for your attorneys at this time?

14           THE DEFENDANT:  No, sir.

15           THE COURT:  So, on behalf of the corporation,

16  are you ready to plead?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Counsel, is there any reason why

19  the corporation Easy Rent Systems, Inc. should not plead

20  guilty to Count 2?

21           MR. TREMONTE:  No, your Honor.

22           THE COURT:  As to Count 2 in the indictment,

23  how does Easy Rent Systems plead, guilty or not guilty?

24           THE DEFENDANT:  Guilty.

25           THE COURT:  Is Easy Rent Systems pleading

28

Proceedings

1  guilty voluntarily?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Has anybody forced or threatened

4  Easy Rent Systems to induce it to plead guilty at this

5  time?

6         THE DEFENDANT:  No, sir.

7         THE COURT:  Has anyone promised Easy Rent

8  Systems anything that's not included in the plea

9  agreement, Court Exhibit 1, that induced Easy Rent

10 Systems to plead guilty?

11        THE DEFENDANT:  No, sir.

12        THE COURT:  Has anyone promised Easy Rent

13 Systems what its sentence will be?

14        THE DEFENDANT:  No, sir.

15        THE COURT:  So, I am going to ask you on behalf

16 of the corporation to state in your own words why the

17 corporation is guilty of Count 2.

18        THE DEFENDANT:  Okay.  Between January 1996 and

19 August 2015, I owned and operated Easy Rent Systems, Inc.

20 on a web site called RentBoy.com.  I agreed with others

21 to accept payments for multiple advertisers and promoted

22 their exchange of sexual conduct in return for a fee in

23 violation of New York State law.

24        I caused the proceeds of this unlawful activity

25 to be deposited into the bank account of Easy Rent

29

Proceedings

1  Systems, Inc. and be used to further promote the unlawful

2  activities of the web site.

3          MR. SMITH:  With respect to the deposit, the

4  government would stipulate that the corporation deposited

5  money into a Citibank account and that that Citibank is a

6  business that is involved in interstate commerce as part

7  of that statute and we would ask for a stipulation to

8  that.

9          MR. TREMONTE:  We would so stipulate.

10          THE COURT:  And did we go through venue?

11          MR. SMITH:  We did not, your Honor.

12          THE COURT:  I think perhaps we should.  Where

13  did this take place?

14          THE DEFENDANT:  Manhattan.

15          THE COURT:  And how do we have venue here?

16          MR. SMITH:  The government would ask for a

17  stipulation that the web site was available to

18  individuals throughout the United States and abroad and

19  that individuals, advertisers using the web site

20  advertised services in Brooklyn, Queens, Long Island and

21  Staten Island.

22          MR. TREMONTE:  And we would so stipulate.

23          MR. SMITH:  I think the defendant himself has

24  to stipulate, your Honor, (indiscernible).

25          THE DEFENDANT:  I'll stipulate.

30

Proceedings

1          THE COURT:  All right.  Do you understand what

2   that means?

3          THE DEFENDANT:  Yes.

4          THE COURT:  In other words, that this plea

5   could be heard in the venue of the Eastern District of

6   New York and that you're stipulating that the advertising

7   and the web site was available to users in the Eastern

8   District of New York.

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  And you understand what the Eastern

11   District of New York is.  It's Brooklyn, Queens, Staten

12   Island, Long Island.

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  All right.  Have we missed anything

15   from the government's perspective?

16          MR. SMITH:  I don't believe so, your Honor.

17          THE COURT:  From the defense's perspective?

18          MR. TREMONTE:  We have not.

19          THE COURT:  All right.  So with respect to the

20   corporation, I find, Mr. Hurant, that Easy Rent Systems'

21   plea is knowingly and voluntarily, that the corporation

22   fully understands its rights, the charges against it, the

23   rights its giving up by pleading guilty, the consequences

24   of a guilty plea including the distinct and separate

25   sentence, fine, forfeiture and other provisions that are

31

Proceedings

1   provided for by statute against the corporation.

2           I find that the corporation understands that

3   there's no guarantee what its sentence will be and that

4   there's a factual basis for the plea.  So, I therefore

5   recommend that the Court accept the corporation's plea of

6   guilty to Count 2.

7           And specifically, I also find that you are

8   authorized to enter a plea on behalf of this corporation.

9           Anything else with respect to the corporation

10  from the government?

11          MR. SMITH:  No, your Honor.

12          THE COURT:  The defense?

13          MR. TREMONTE:  No, your Honor.

14          THE COURT:  Okay.  So, let's go to the charges

15  against you individually, Mr. Hurant.

16          Do you have any questions about the charges

17  against you and anything you would like to ask me or

18  discuss with your lawyers before we go further?

19          THE DEFENDANT:  I don't believe so.

20          THE COURT:  So, are you ready to plead on your

21  behalf?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Mr. Tremonte, is there any reason

24  why Mr. Hurant should not plead guilty to Count 1?

25          MR. TREMONTE:  There is not, your Honor.

32

                              Proceedings

1          THE COURT:  As to Count 1, how do you plead,

2   guilty or not guilty in the case against you in

3   (indiscernible)?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  Are you pleading guilty

6   voluntarily?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Has anybody forced you or

9   threatened you to make you agree to plead guilty?

10         THE DEFENDANT:  No.

11         THE COURT:  Has anybody promised you anything

12  other than what's in the plea agreement that induced you

13  to plead guilty?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Did anybody promise you what your

16  sentence will be?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  So, as to Count 1, can you explain

19  to me why you are guilty?

20         MR. SMITH:  Your Honor, I think we skipped the

21  statutory penalties for Count 1.

22         THE COURT:  Oh, you're right.  We didn't do

23  that.  Thank you.  All right.  Let's go to the statutory

24  penalties.  Thank you.

25             All right.  So, let's go through this.  Page 1

33

Proceedings

1   of Court Exhibit 2, which is the plea agreement, you will

2   plead guilty to Count 1 of the indictment and do you

3   understand what that count refers to?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  The minimum term of imprisonment is

6   zero years in prison and the maximum term of imprisonment

7   is five years.

8              Do you understand that?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  If you are sentenced to prison,

11  there's a maximum supervised release term of three years

12  after you're released from prison.

13             Do you understand what supervised release is?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Any questions about that condition?

16             THE DEFENDANT:  No, sir.

17             THE COURT:  If you violate any condition of

18  your supervised release, there's a penalty that's

19  separate from the penalty or sentence you would get on

20  the underlying charge and that is you can be sentenced to

21  up to two years in prison without credit for the time you

22  had been in prison on the underlying charge or on

23  supervised release.

24             Do you understand?

25             THE DEFENDANT:  Yes, sir.

34

Proceedings

1          THE COURT:  Any questions so far?

2          THE DEFENDANT:  None.

3          THE COURT:  There's a possible maximum fine of

4   the greater of $250,000 or twice the gross gain or twice

5   the gross loss from the offense.

6          Do you understand?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  There's a $100 special assessment

9   in addition to whatever else the corporation pays.

10          Do you understand that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And other penalties include

13   criminal forfeiture as explained in paragraph 6 through

14   10.

15          Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And again, do we -- would anyone

18   like to place the provisions of paragraphs 6 through 10

19   on the record?

20          MR. SMITH:  The government is satisfied.

21   They're the same provisions as the corporate plea

22   agreement and if the defendant believes he understands

23   them, the government is satisfied with that.

24          MR. TREMONTE:  That's consistent with our

25   understanding.  We don't need to review them again.

35

Proceedings

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Okay.  So, in paragraph 2, there's

3    a discussion of sentencing.  There's a sentencing

4    guidelines estimate.  Would the government please explain

5    its estimate?

6          MR. SMITH:  Your Honor, the government

7    estimates that the base offense level that will apply in

8    this case will be fourteen with the addition of four

9    points for being organizer or leader of criminal activity

10   involving more than five participants.

11          The government has agreed in the plea agreement

12   to move for a one point reduction based on the global

13   disposition of pleas with respect to Mr. Hurant and the

14   corporation.  So, we believe that there will be a total

15   offense level of 17 after adjustments with three points

16   for -- removed for acceptance of responsibility today

17   which results in a final adjusted offense level of

18   fourteen and that carries a range of imprisonment of 15

19   to 21 months, assuming the defendant falls within

20   criminal history category one.

21          THE COURT:  Any comments from the defense?

22          MR. TREMONTE:  No, your Honor.

23          THE COURT:  Do you understand what the

24   government said?

25          THE DEFENDANT:  Yes, I do.

36

                         Proceedings

1           THE COURT:  And do you understand, Mr. Hurant,

2    that that's just an estimate.  Again, it will be up to

3    the Court to decide what your guidelines range is and

4    ultimately what sentence to give you?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  And do you understand that the

7    factors are the same as the factors that I explained with

8    respect to the corporation.  In other words, the Court

9    will calculate your guidelines range but could give you a

10   sentence above or below the guidelines range depending on

11   its analysis of the other factors that I explained

12   earlier.

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Any questions about sentencing at

15   all?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Do you understand there's no

18   guarantee what your sentence will be or even what your

19   guidelines range will be at this time?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Okay.  Paragraph 4 says that you

22   agree not to file an appeal or otherwise challenge your

23   conviction or sentence if you receive a term of

24   imprisonment of 24 months or less.

25              Do you understand that?

37

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Is there anything else in the plea

3  agreement that any party would like to put on the record?

4          MR. SMITH:  No, your Honor.

5          MR. TREMONTE:  No, your Honor.

6          THE COURT:  Mr. Hurant, any questions about

7  anything having to do with your case at this point,

8  either for me or for your lawyers?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  Are you ready to plead?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And do you understand that there's

13  no parole in the federal system, so that if you do plead

14  guilty, there will be no early release on parole if

15  you're sentenced to prison?

16          THE DEFENDANT:  New fact, but okay.

17          THE COURT:  Okay.

18          MR. TREMONTE:  Your Honor, may we have a moment

19  to confer?

20          THE COURT:  Yes.

21  (Counsel and client confer)

22          MR. TREMONTE:  Your Honor, we've been over this

23  issue before.  We went over it just now.  I think Mr.

24  Hurant is clear on this and understands that there is no

25  parole in the federal system.

38

Proceedings

1          THE COURT:  Is that correct?

2          THE DEFENDANT:  Yes, that's correct.

3          THE COURT:  We do have it in the state system.

4    It's not in the federal system.  It hasn't been for a

5    long time.

6              Are you ready to plead?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And again, is there any reason why

9    Mr. Hurant should not plead guilty to Count 1?

10          MR. TREMONTE:  No, your Honor.

11          THE COURT:  So, as to Count 1, promotion of

12   prostitution, how do you plead, guilty or not guilty?

13          THE DEFENDANT:  Guilty.

14          THE COURT:  Are you pleading guilty

15   voluntarily?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Has anybody forced you or

18   threatened you to make you agree to plead guilty?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Have there been any promises made

21   to you other than what's in the plea agreement?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  Has anybody promised you what your

24   sentence will be?

25          THE DEFENDANT:  No, sir.

39

Proceedings

1      THE COURT:  So, tell me why you're guilty of

2  this charge.

3      THE DEFENDANT:  I'm guilty because between

4  January 1996 and August 2015, I owned and operated a web

5  site called RentBoy.com.  I agreed with others to accept

6  payments from multiple advertisers and promoted their

7  exchange of sexual conduct in return for a fee in

8  violation of New York State law.

9      THE COURT:  And again, venue?

10      MR. SMITH:  The government would again

11  stipulate if a web site was available nationally and

12  internationally, and operated among other places in

13  Brooklyn, Queens, Staten Island, Nassau and Suffolk

14  County, and was both available to people visiting the web

15  site and advertisers, advertised sections (indiscernible)

16  those locations.

17      THE COURT:  Mr. Hurant, is that correct?

18      THE DEFENDANT:  That's correct.

19      THE COURT:  And you stipulate to that?

20      THE DEFENDANT:  Yes, I do.

21      THE COURT:  Counsel, anything to add?

22      MR. TREMONTE:  Nothing to add.

23      THE COURT:  And I think you said this but can

24  you just repeat again how this was through interstate

25  commerce.

40

Proceedings

1        MR. SMITH:  The web site since it was available

2   nationally, the web site was involved in a facility of

3   interstate commerce.  In addition, the web site was set

4   up using a domain name, registry service, that was

5   outside the State of New York.  Payments were made to

6   various things relating to the web site outside of the

7   State of New York at regular intervals, all of which

8   constituted interstate commerce.  I guess just to be

9   clear, we'll ask for a stipulation as to those facts.

10        MR. TREMONTE:  I think counsel can stipulate to

11   the interstate commerce facts.  That's correct, we so

12   stipulate.

13        THE COURT:  Do you agree?

14        THE DEFENDANT:  Yes, I agree.

15        THE COURT:  Okay.  Anything else with respect

16   to the charge that we need to put on the record -- the

17   allocution?

18        MR. SMITH:  No, sir.  No, your Honor.

19        MR. TREMONTE:  No, your Honor.

20        THE COURT:  All right.

21        I find that you individually are acting

22   voluntarily, you fully understand your rights, the rights

23   you're giving up by pleading guilty, again, the charges

24   against you.  You understand that there is no guarantee

25   what your sentence will be.  You understand everything

41

Proceedings

1   that we've discussed here today.

2           You understand the difference between the

3   potential sentence, fine and other punishments that can

4   be imposed against you individually and against the

5   corporation where appropriately, and that those are

6   separate and distinct.  And I find that you did commit

7   the acts that are alleged against you individually.

8           I'm just trying to think whether there's any

9   other possible area of confusion there might be between

10  your plea on behalf of the corporation and you

11  individually.  I don't think there is one but I am just

12  make the blanket statement that I am totally satisfied

13  that you understand what you're doing as you're

14  proceeding in both capacities, both as an individual and

15  as the sole representative of the corporation.

16          And that as a result, I am recommending that

17  Judge Brodie accept your plea of guilty individually to

18  the charge in Count 1 against you.

19          Is there anything that any party thinks should

20  be added at this point to complete the record?

21          MR. SMITH:  No, your Honor.

22          MR. TREMONTE:  Not from the defense, your

23  Honor.

24          THE COURT:  Okay.

25          THE CLERK:  Sentencing for both defendants will

42

Proceedings

1    occur on February 2nd, 2017 at 10 a.m. before Judge

2    Brodie.

3              THE COURT:  All right.  Thank you.  Good luck

4    and --

5              MR. SMITH:  Your Honor?

6              THE COURT:  -- there was this typo on that plea

7    agreement.

8              MR. SMITH:  The government would just put on

9    the record that we consent to continuation on bail.

10             THE COURT:  I take it there's no objection from

11   the defendant.

12             MR. TREMONTE:  We're glad to hear that.

13             THE COURT:  And the government is taking care

14   of the totally minor typo in the --

15             MR. SMITH:  The government --

16             THE COURT:  -- lettering in the transcript.

17             MR. SMITH:  -- will revise with respect to Easy

18   Rent -- it was Easy Rent's plea?

19             THE COURT:  Yes.

20             MR. SMITH:  Yeah, we will revise to indicate A,

21   B, C.

22             THE COURT:  Thank you.

23             MR. SMITH:  Thank you, your Honor.

24                  (Matter concluded)

25                      -o0o-

43

1                **C E R T I F I C A T E**

2

3           I, LINDA FERRARA, hereby certify that the

4    foregoing transcript of the said proceedings is a true

5    and accurate transcript from the electronic sound-

6    recording of the proceedings reduced to typewriting in

7    the above-entitled matter.

8

9           I FURTHER CERTIFY that I am not a relative or

10   employee or attorney or counsel of any of the parties,

11   nor a relative or employee of such attorney or counsel,

12   or financially interested directly or indirectly in this

13   action.

14

15          IN WITNESS WHEREOF, I hereunto set my hand this

16   **18th** day of **October**, 2016.

17

18                          *Linda Ferrara*
                            Linda Ferrara

19

20                          CET**D 656
21                          Transcriptions Plus II, Inc.
22

23

24