# SHER TREMONTE LLP

July 20, 2017

**BY ECF AND EMAIL**

The Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *United States v. Easy Rent Systems, Inc., et al.*, 16-cr-45 (MKB)

Dear Judge Brodie:

    We write on behalf of our clients, Jeffrey Hurant and Easy Rent Systems, Inc. ("Easy Rent"), whose sentencing in the above-referenced case is scheduled for July 21, 2017, to address two issues that were raised in the government's sentencing submission, dated July 16, 2017.

    First, the government states that Rentboy.com "advertised itself to be 'the original and largest male escort service online.'"  Gov't Sentencing Submission at 1 (citing PSR ¶¶ 5, 7, 23).  That is factually incorrect.  Rentboy.com did not advertise itself as an escort service, but rather as an "escort site."  The government cites paragraphs of the *draft* PSR that inaccurately characterized the site as an escort service.  We objected to those paragraphs and the Addendum to the PSR reflects that the final report was amended to reflect our objection.  *See* Addendum to the PSR at 1 (May 5, 2017).

    Second, in contending that the base offense level for the Sentencing Guidelines purposes is 14, pursuant to U.S.S.G. §§ 2E1.2(a)(2) and 2G1.1(a)(2), the government argues that it would be inappropriate to treat a federal misdemeanor, 18 U.S.C. § 1384, as the most analogous federal offense because the state crime that is the basis for the Travel Act conviction in this case, N.Y. Penal Law § 230.25, is a felony.  Gov't Sentencing Submission at 5 & n.4.  The government points out that Penal Law § 230.25 "require[s] in essence management or control of an ongoing, multi-person prostitution enterprise," and contrasts this with merely advancing or profiting from prostitution, which by itself is a state misdemeanor.  *Id.*

Hon. Margo K. Brodie
July 20, 2017
Page 2 of 4

The government's analysis is erroneous. The Indictment charged Mr. Hurant and Easy Rent with violating both N.Y. Penal Law § 230.25 and § 230.20. *See* Indictment ¶ 27. Penal Law § 230.20, which prohibits mere advancing or profiting from prostitution, is a class A misdemeanor. Neither Mr. Hurant nor Easy Rent allocated to "manag[ing] or control[ling] . . . an ongoing, multi-person prostitution enterprise." Instead, their allocutions were limited to advancing and profiting from prostitution, in violation of Penal Law § 230.20.[1]

Indeed, under New York law, Mr. Hurant and Easy Rent *cannot* be guilty of the prostitution enterprise felony on which the government relies. The New York courts require direct involvement in the prostitution activity for a felony conviction under § 230.25. For example, in *People v. Gallucci*, 404 N.Y.S.2d 768 (App. Div. 1978), the owner of a restaurant was charged with promoting prostitution for hosting a party during which prostitutes exchanged sexual conduct for a fee in the parking lot. The Fourth Department upheld the trial court's dismissal of the indictment because there was no evidence that the restaurant owner "knowingly aided" the prostitutes either by soliciting patrons or providing the premises for prostitution. *Id*. at 770. Since the sexual conduct took place outside the restaurant and the owner had no prior arrangement with the prostitutes, he was not guilty of managing a prostitution business under § 230.25. *Id.* Similarly, in *People v. Barabash*, 828 N.Y.S.2d 122 (App Div. 2006), the Second Department held that the defendant's operation of a tourism business that provided trips to the Philippines and provided tour guides who would take customers to prostitutes could not be convicted of running a prostitution business under § 230.25, but that such evidence was legally sufficient to establish that defendant knowingly advanced prostitution under § 230.20. *Id.* at 123. Finally, in *People v. Mejia Real Estate Inc.*, 672 N.Y.S.2d 645 (Sup. Ct. Queens Cty. 1998), a New York court held that a real estate company's leasing of an apartment to set up a brothel did not constitute running a prostitution business, even where there was extensive evidence that the real estate company *knew* that the building would be used as a brothel. *Id.* at 648. Such evidence was insufficient to prove any managerial role in running the brothel, and therefore the proof failed to sustain a conviction for promoting prostitution under Penal Law § 230.25, though it could support a misdemeanor conviction for advancing or profiting from prostitution. *Id.*

---

[1] *See* Tr. of Plea 39:5-8, *United States v. Easy Rent Systems, Inc.*, 16-CR-45 (MKB) (E.D.N.Y. Oct. 19, 2016), ECF No. 107 ("I agreed with others to accept payments from multiple advertisers and promoted their exchange of sexual conduct in return for a fee in violation of New York State law.").

Hon. Margo K. Brodie
July 20, 2017
Page 3 of 4

These cases stand in contrast to *People v. Freaney*, 488 N.Y.S.2d 759, 761 (App. Div 1985), in which the Second Department affirmed a felony conviction under Penal Law § 230.25 where the defendant procured the prostitutes for a bachelor party, the activity took place on premises owned by the defendant, where he maintained a bed for that purpose, and the defendant was paid a deposit and collected a portion of the fee for sexual services at the end of the night. *Id.* at 761.[2] Indeed, the case cited by the government, *United States v. Langley*, 919 F.2d 926 (5th Cir. 1990), similarly involved evidence of the defendant's *direct* participation in the prostitution activities. The defendant in that case rented a residence that was used in the operation of a prostitution business, received about half of each commission earned by the prostitutes working for him, and laundered the commissions through a bank account he set up. *Id.* at 928. These are plainly the kinds of direct activities that the New York courts would consider as operating a prostitution business, thus subjecting the defendant in *Langley* to a felony charge.

Here, by contrast, there is no evidence that Mr. Hurant or Easy Rent had any direct participation in any acts of prostitution. As charged in the Indictment and as Mr. Hurant admitted at the plea, Rentboy.com facilitated acts of prostitution by the individuals who advertised on the website and the defendants profited from the placement of their ads through the payment of subscription fees. But the defendants had no direct role in any act of prostitution. After the placement of an ad, the defendants' participation was complete. The defendants had no involvement in brokering or facilitating the activities of advertisers and their clients following their connection through the Rentboy.com site.[3] Thus, the only state promotion of prostitution offense that Mr. Hurant

---

[2] *See also People v. Williams*, 511 N.Y.S.2d 749, 750 (App. Div. 1987) (evidence sufficient for felony conviction where defendant offered the prostitute's services to two experienced police officers for a stated price); *People v. Carey*, 486 N.Y.S.2d 797 (App. Div. 1985) (evidence sufficient for felony conviction where defendant brought 17-year-old girl to bar to meet customers for purposes of prostitution, informed bar manager that girl was available for prostitution, and bar manager collected money that he then transferred to defendant).

[3] These facts also distinguish this case from the two other cases the government cited from this district, *United States v. Rizzi* and *United States v. Schulman*, *see* Gov't Sentencing Submission at 8, in which the defendants' companies employed office managers, receptionists, and drivers, who dispatched the prostitutes to appointments, and received proceeds directly from the acts of prostitution. *See* Gov't Sentencing Submission at 14, *United States v. Rizzi*, 16-CR-342 (CBA) (E.D.N.Y. Apr. 10, 2017), ECF No. 38; Gov't Sentencing Submission at 1-2, *United States v. Schulman*, 14-CR-415 (ERK) (E.D.N.Y. Sept. 30, 2015), ECF No. 22. Here, the government has conceded that while Rentboy.com "made it significantly easier for [escorts] to engage in commercial sex acts," Mr. Hurant did not "transport or persuade those who advertised" on the site. Addendum to the PSR at 3.

Hon. Margo K. Brodie
July 20, 2017
Page 4 of 4

and Easy Rent are guilty of is a misdemeanor under New York law.  For these reasons and the reasons stated in our Sentencing Submission, the closest analogous federal offense is 18 U.S.C. § 1384, and the Guidelines base offense level is 6.

                        Respectfully submitted,

                        /s/
                        Michael Tremonte
                        Noam Biale

cc:     AUSA Tyler Smith (by email)