UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
UNITED STATES OF AMERICA

- against -

JEFFREY HURANT,

                Defendant.

----------------------------------------------------------------

**MEMORANDUM & ORDER**
16-CR-45 (MKB)

MARGO K. BRODIE, United States District Judge:

      Defendant Jeffrey Hurant was indicted by a grand jury on charges of promoting prostitution in violation of the Travel Act, 18 U.S.C § 1952(a)(3)(A) and New York Penal Law sections 230.25 and 230.20 for running Rentboy.com, a website that purported to be a site that connected escorts with clients. (Indictment ¶ 27, Docket Entry No. 92.) Defendant's company, Easy Rent Systems, Inc., was also indicted on charges of conspiring to launder money obtained from unlawful activity in violation 18 U.S.C. § 1956(a) and (h). (*Id.* ¶¶ 28–31.) Defendant pled guilty to promotion of prostitution and is scheduled to be sentenced on August 2, 2017. (Minute Entry dated Oct. 7, 2016, Docket Entry No. 105.)

      In the Pre-sentencing Report (the "PSR"), the United States Probation Department recommends that, under the United States Sentencing Commission Guidelines Manual (the "Sentencing Guidelines"), the Court should apply a base offense level of fourteen. (PSR Addendum 3, Docket Entry No. 120.) Defendant objects to the recommendation in the PSR, arguing that the Court should apply a base offense level of six. (Def. Letter dated July 20, 2016, "Def. Letter") at 1–4, Docket Entry No. 126.) For the reasons discussed below, the Court rejects Defendant's argument for a base offense level of six.

## I. Background

Defendant is the owner and operator of Easy Rent Systems, Inc., which owns the Rentboy.com website. (Tr. of Plea Allocution ("Tr.") 3, 6, 39, Docket Entry No. 107.) Defendant started the Rentboy.com website in January of 1996. (Tr. 6.) From January of 1996 to August of 2015, Rentboy.com purported to be a website that connected escorts with clients, but in actuality was a commercial venture that "accepted payments from multiple [escorts in return for] promot[ing] their [willingness to] exchange [] sexual conduct in return for a fee." (Tr. 39.) Based on that conduct, Defendant, on behalf of Easy Rent Systems Inc., pled guilty to conspiring to launder money obtained from an unlawful activity in violation of 18 U.S.C. § 1956(a) and (h). (Tr. 13, 27–28.) Defendant, on his own behalf, pled guilty to the promotion of prostitution in violation of 18 U.S.C § 1952(a)(3)(A) and New York Penal Law sections 230.25 and 230.20. (Tr. 12, 38–39.) Defendant is scheduled to be sentenced on August 2, 2017.

## II. Discussion

Defendant argues that, under the Sentencing Guidelines, his base offense level should be six because (1) a federal misdemeanor offense is the most analogous federal law to promotion of prostitution under New York law, and (2) he only pled to the misdemeanor offense — New York Penal Law section 230.20 — , not to the felony offense — New York Penal Law section 230.25. (Def. Letter at 1–4.) The Court addresses each argument in turn.

### a. The Mann Act is the most analogous federal offense to promotion of prostitution under New York law

Defendant's base offense level under the Sentencing Guidelines depends on what federal offense is most analogous to the underlying state offense he was charged with. The parties disagree on what federal statute is most analogous to promotion of prostitution under New York law. The government argues and the PSR recommends that promotion of prostitution under New

York law is most analogous to the Mann Act, 18 U.S.C. § 2421, which, under the Sentencing Guidelines, carries a base offense level of fourteen. (PSR Addendum 3; Gov't Letter dated July 16, 2017 at 3–5, Docket Entry No. 125.) Defendant, on the other hand, argues that the most analogous federal offense is 18 U.S.C. § 1384, which bars the facilitation of prostitution near a location owned by the federal armed forces, and carries a base offense level of six. (Def. Letter at 2–4.) For the reasons discussed below, the Court finds that the Mann Act is the most analogous federal offense to the promotion of prostitution under New York law, and therefore, the applicable base offense level is fourteen.

Section 2E1.2(a)(2) of the Sentencing Guidelines provides that an individual guilty of violating the Travel Act[1] should receive "the [base] offense level applicable to the underlying crime of violence or other unlawful activity." U.S. Sentencing Guidelines Manual § 2E1.2(a)(2) (U.S. Sentencing Comm'n 2016). Application Note Two of section 2E1.2 states that "[i]f the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used." *Id.* § 2E1.2 cmt. n.2.

As charged in the Indictment, the underlying unlawful activities were violations of New York Penal Law sections 230.25 and 230.20. New York Penal Law section 230.25 provides in pertinent part:

> A person is guilty of promoting prostitution in the third degree when he or she knowingly [a]dvances or profits from prostitution by

---

[1] The Travel Act provides in pertinent part that:
Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform . . . an act described in paragraph . . . (3) shall be fined under this title, imprisoned not more than 5 years, or both.
18 U.S.C. § 1952(a)(3)(A).

3

> managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more persons in prostitution, or a business that sells travel-related services knowing that such services include or are intended to facilitate travel for the purpose of patronizing a person for prostitution, including to a foreign jurisdiction and regardless of the legality of prostitution in said foreign jurisdiction. . . . Promoting prostitution in the third degree is a class D Felony.

N.Y. Penal Law § 230.25. New York Penal Law section 230.20 provides in pertinent part:

> A person is guilty of promoting prostitution in the fourth degree when he or she knowingly [a]dvances or profits from prostitution. . . . Promoting prostitution in the fourth degree is a class A misdemeanor.

N.Y. Penal Law § 230.20.

The Mann Act provides:

> Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2421. The base offense level for a violation of the Mann Act is fourteen. U.S. Sentencing Guidelines Manual § 2G1.1 (U.S. Sentencing Comm'n 2016).

Section 1384 provides:

> Within such reasonable distance of any military or naval camp, station, fort, post, yard, base, cantonment, training or mobilization place as the Secretary of the Army, the Secretary of the Navy, the Secretary of the Air Force, or any two or all of them shall determine to be needful to the efficiency, health, and welfare of the Army, the Navy, or the Air Force, and shall designate and publish in general orders or bulletins, whoever engages in prostitution or aids or abets prostitution or procures or solicits for purposes of prostitution, or keeps or sets up a house of ill fame, brothel, or bawdy house, or receives any person for purposes of lewdness, assignation, or prostitution into any vehicle, conveyance, place, structure, or building, or permits any person to remain for the purpose of

> lewdness, assignation, or prostitution in any vehicle, conveyance, place, structure, or building or leases or rents or contracts to lease or rent any vehicle, conveyance, place, structure or building, or part thereof, knowing or with good reason to know that it is intended to be used for any of the purposes herein prohibited shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 1384. The base offense level for a violation of section 1384 is six, as section 1384 is a federal misdemeanor offense. *See* U.S. Sentencing Guidelines Manual § 2X5.2 (U.S. Sentencing Comm'n 2016).

Although the Second Circuit has not addressed which is the most analogous federal offense to promoting prostitution under New York law, other Circuit Courts have addressed similar issues and all have found the Mann Act to be most analogous to promoting prostitution offenses charged under the Travel Act. In addressing a nearly identical issue, the Fifth Circuit held that the Mann Act was the most analogous federal offense to a Texas penal statute prohibiting the promotion of prostitution. *United States v. Langley*, 919 F.2d 926, 929 & n.3, 932 (5th Cir. 1990). In *Langley*, the defendant pled guilty to violating the Travel Act based on state law crimes of promotion of prostitution and aggravated promotion of prostitution. *Id.* at 929 & n.3. Under the Texas statute, mere promotion was defined as a single act of participation in prostitution and was a misdemeanor offense, whereas aggravated promotion was defined as involvement in an enterprise consisting of two or more prostitutes and was a felony. *Id.* After the defendant pled guilty, the district court applied a base offense level of fourteen, finding that the most analogous federal offense was the Mann Act. *Id.* at 929–30. On appeal, the defendant argued that section 1384 was more analogous than the Mann Act and therefore his base offense level should have corresponded with a section 1384 violation. *Id.* at 930. The Fifth Circuit rejected the defendant's argument, holding that "[a]lthough the offense as described in section

5

1384 is somewhat analogous to the relevant state offense, it is not as analogous as section 2421." *Id.* at 932. The court explained that:

> Violation of section 1384 differs significantly from section 2421 in that violation of the former constitutes a misdemeanor and violation of the latter a felony. One of the state offenses violated by Langley's conduct is, like section 2421, a felony. It would be inappropriate to sentence Langley for violating an analogous misdemeanor offense where a more analogous felony offense exists. . . . Further, section 1384 may be violated by one isolated act of prostitution unrelated to any third person or ongoing activity, while [the state felony statute] requires in essence management or control of an ongoing, multi-person prostitution enterprise, a far more serious matter.

*Id*.

Further, in a case where the defendants were convicted of, *inter alia*, violating the Travel Act based on their involvement with an escort service that was a front for a prostitution business, the Ninth Circuit held that the Mann Act was the "most analogous federal offense" because "the underlying activity involved [was a] prostitution [business], which is precisely what [section] 2421 was designed to prevent." *United States v. Gable*, No. 93-30061, 1994 WL 266251, at *7 (9th Cir. June 15, 1994). In addition, the Sixth Circuit affirmed the conviction of an individual who was convicted under the Mann Act for running an escort service that was a front for prostitution activity and where, among other things, he "use[d] [] a computer to advertise his escort service on the internet," *United States v. Murphy*, 382 F. App'x 460, 462 (6th Cir. 2010). Similarly, the Fourth Circuit affirmed the conviction of an individual who was convicted under the Mann Act for posting "advertis[ements] in newspapers . . . seeking to women to serve as 'escorts'" when she knew the actual purpose was for the women to serve as prostitutes at the club where she worked. *United States v. Singh*, 516 F.3d 236, 253–54 (4th Cir. 2008).

Defendant cites no case law for his position that section 1384 is the most analogous federal offense. Therefore, based on the prevailing law in other Circuits, the Court finds that the

Mann Act is most analogous to the promoting prostitution offenses charged under the Travel Act.

### b. Defendant's plea allocution does not support the application of a different offense level

Defendant pled guilty to both the misdemeanor and felony prostitution offenses. (Tr. 38–39; Indictment ¶ 27.) Defendant argues, however, that because he did not allocute to "managing or controlling an ongoing, multi-person prostitution enterprise," he pled only to a misdemeanor offense, making his plea more analogous to a section 1384 offense. (Def. Letter, at 2–4 (alterations omitted).) The Court is not persuaded by Defendant's argument.

A defendant is guilty of the felony offense of promotion of prostitution when the defendant "[a]dvances or profits from prostitution by managing, supervising controlling or owning . . . [an] enterprise involving prostitution activity by two or more persons." N.Y. Penal Law § 230.25.

Defendant allocuted to the felony offense of promotion of prostitution in violation of New York Penal Law section 230.25.[2] During the allocution, Defendant stated that he was "guilty because between January 1996 and August 2015, [he] owned and operated a website called Rentboy.com [where] [he] agreed with others to accept payments from multiple advertisers and promoted their exchange of sexual conduct in return for a fee in violation of New York State law." (Tr. 39.) Defendant's allocution therefore establishes that Defendant was guilty of the felony offense because he received "profits from prostitution by . . . controlling or owning . . . [an] enterprise involving prostitution activity by two or more persons." *See* N.Y.

---

[2] Because Defendant admits that he allocuted to the misdemeanor offense of promoting prostitution, (Def. Letter 2–4), the Court does not discuss the allocution as it pertains to that offense.

Penal Law § 230.25; *People v. Ahmed*, 898 N.Y.S.2d 134, 136–37 (App. Div. 2010) (holding that a defendant violated section 230.25 where "the evidence established that defendant did not engage the prostitutes through intermediaries, [but] [a]s a part of his enterprise, defendant himself acted as the direct link between [the person] and the two prostitutes"); *People v. Galucci*, 404 N.Y.S.2d 768, 770 (App. Div. 1978) (holding that section 230.25 "is obviously designed to prevent . . . organized prostitution activity").

Because Defendant allocuted to both the felony and misdemeanor offenses of promoting prostitution, as discussed above, his offense is most analogous to the Mann Act.

### III. Conclusion

For the foregoing reasons, the Court rejects Defendant's arguments and finds that the most analogous offense under federal law is the Mann Act and, therefore, the appropriate base offense level under the Sentencing Guidelines is fourteen.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: August 1, 2017
      Brooklyn, New York